By the Court.
This case gets into this court by certification of the court of appeals of the eighth appellate district, for the reason that its judgment is in conflict with the judgme'nt of the court of appeals of the fifth appellate district, involving the same question and decided upon substantially the same set of facts.
The question of conflict is the only one in the case, and involves a construction of an act of the legislature passed in 1908, 99 Ohio Laws, 339, entitled “An Act to provide for probation of persons convicted of felonies and misdemeanors.” The act has been carried into the General Code as Sections 13706 to 13715.
*334 Section 13714, General Code, reads:
“Upon such revocation and termination, the court or magistrate may pronounce judgment at any time after such suspension within the longest period for which the defendant might have been sentenced, whereupon the judgment shall be in full force and effect, and the person shall be delivered over to the proper officer to serve his sentence.”
It is upon the construction and effect of the language used in part of this section that the two courts of appeals are in conflict, the court in this case holding that the words, “within the longest period for which the defendant might have .been sentenced,” relate back to “judgment,”, while the other court in a similar case holds that the same words refer to and limit the words, “at any time after such suspension.”
The effect of the holding of the latter court is that when sentence is imposed, and then suspended, time begins to run and continues to run on the sentence during the period of suspension.
A portion of Section 13711, General Code, which as we have said is part of the same act, reads as follows:
“In case of sentence to a workhouse, jail or other correctional institution, the court or magistrate may suspend the execution of the sentence and direct that such suspension continue for such time, not exceeding two years, and upon such terms and considerations as it shall determine.”
It is apparent from the reading of this section that a sentence of this character may be suspended by the court for any length of time, not exceeding *335 two years. The original sentence imposed, and then suspended, was the maximum permitted under the ordinance, namely thirty days. This being true, the construction placed upon the words by the court of appeals of the eighth appellate district would permit full operation and effect to be given to this section.
We believe the interpretation placed upon the act by the court of appeals of the eighth district is correct; that the jurisdiction of the court, upon suspending the sentence, is continuing during the time limit of the suspension, and not exceeding two years; that the defendant while under suspension is not in any sense serving a sentence; and that if he violates his parole, while under suspension, the court, by the provisions of this enactment, has ample power to terminate the suspension and impose sentence under Section 13714, General Code, within the longest period for which the defendant might have been sentenced in the first instance.
A court may pronounce sentence, when ? At any time during the period of suspension as previously fixed by the court; but in no case, of course, exceeding two years. For how long? In conformity with the words of the statute, which provides “within the longest period for which the defendant might have been sentenced.”

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.